## Manning *v.* Bader, Appellant.

*Will—Life estate—Devise—Children.*

1. Prima facie the word " children " is a word of purchase and not of limitation, and standing alone without qualification it must be given its ordinary meaning. It will not be construed as a word of limitation unless there is found in the will an intention so to use it. That the first taker had no children when the will was made or when it went into effect does not warrant such a construction where the gift to the children is not immediate but by way of remainder.

2. A devise of land to the widow of a deceased son, and after her death to her children, vests only a life estate in the widow, although she had no children when the will was made, or when it went into effect.

Argued Feb. 1, 1909. Appeal, No. 164, Jan. T., 1908, by defendants, from judgment of C. P. Lehigh Co., Sept. T., 1907, No. 48, for plaintiff on case stated in suit of Almeda Manning v. Caroline Bader and Amanda Bader. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Case stated in ejectment for land in the city of Allentown. Before TREXLER, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Arthur G. Dewalt*, for appellants.

*Marcus C. L. Kline*, with him *Edwin K. Kline*, for appellee.

PER CURIAM, May 10, 1909:

The devise was ". . . . to Cecilia Hittle, the wife of my deceased son, Elias Keiper, the lot where I am now living. . . . After the death of Cecilia, the above described lot shall go to her children." Prima facie the word " children " is a word of purchase and not of limitation, and standing alone without qualification it must be given its ordinary meaning. It will not be construed as a word of limitation unless there is found in the will an intention so to use it. That the first taker had no children when the will was made or when it went into effect does not warrant such a construction where the gift to the children is not immediate but by way of remainder: Cote v. VonBonnhorst, 41 Pa. 243; Curtis v. Longstreth, 44 Pa. 297; Keim's Appeal, 125 Pa. 480; Lancaster v. Flowers, 198 Pa. 614.

We find nothing in the other parts of the will that indicates an intention to use the word "children" as a word of limitation.

The judgment is affirmed.