# Hollinshead's Estate.

*Wills—Construction—Intention—Will as a whole.*

1. In construing a will the actual personal intent of testator must govern, and this must be ascertained by a consideration of the will as a whole.

*Wills—Trusts and trustees—Active spendthrift trust—Power of appointment—Life estate—Construction.*

2. Where a will creates an active spendthrift trust in real estate, for a son's life, with power in him to make an absolute disposition thereof by will, with a further provision that in the event of his failure to do so, the trust shall continue during the life of the son's widow for her use, and upon her death to the son's children, and the son exercises the power of appointment in favor of his wife, the latter takes the real estate on the death of her husband, to the exclusion of his children.

3. A construction which gives effect to the several provisions of a will, should always be followed, if possible.

*Wills — Construction — Incompatible clauses — Later clauses — Utter repugnancy.*

4. The rule that the later of incompatible clauses in a will must prevail, is never invoked except as a last resort, when there is an utter repugnancy.

Argued March 6, 1922. Appeal, No. 175, Jan. T., 1922, by the Security Trust Co. of Stroudsburg, guardian of Evelyn Hollinshead et al., from decree of O. C. Monroe Co., of distribution, in estate of Jane M. Hollinshead, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to report of J. B. Williams, Esq., auditor. Before GROMAN, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions, and entered a decree of distribution. The Security Trust Co., guardian, appealed.

*Error assigned* was decree of distribution, quoting it.

*W. A. Erdman,* with him *C. C. Shull,* for appellant, cited: Kennedy v. Kennedy, 159 Pa. 327; Bechtel v. Fetter, 267 Pa. 173; Schuldt v. Trust Co., 270 Pa. 360; Sheets's Est., 52 Pa. 257; Field's Est., 266 Pa. 474; Patten v. Scott, 270 Pa. 49.

*Edward J. Fox,* with him *James W. Fox,* for appellee, cited: Thompson v. Garwood, 3 Wharton 287; Keefer v. Swartz, 47 Pa. 503; Thompson's Est., 234 Pa. 82; Dorris's Est., 63 Pa. Superior Ct. 345.

OPINION BY MR. JUSTICE WALLING, April 17, 1922:

Jane M. Hollinshead, late of Monroe County, died in 1899, testate, leaving a daughter, Elizabeth M. Bell and a son, Edgar P. Hollinshead, Jr., who had a wife Sarah N. Hollinshead and three children. Testatrix was pos-

sessed, inter alia, of a business block in Stroudsburg of which she devised the undivided moiety or one-half to a trustee, as follows, viz: "In trust, nevertheless, to allow my son, Edgar P. Hollinshead, to receive the net rents and income thereof for his sole and separate use during the term of his natural life, without being subject or liable to or for the debts, contracts, or engagements of my said son, and from and after the decease of my said son then in respect to one-half of the said undivided moiety of the premises aforesaid, for such person or persons, and such uses and purposes as my said son, by any instrument of writing in the nature of a last will and testament, may direct, limit, and appoint. And for want of such direction, limitation, or appointment, then in trust to pay the net rents and income of the said one-half of the undivided moiety of said premises unto Sarah N. Hollinshead, the wife of my said son,—if she shall survive her husband,—for her sole and separate use during the term of her natural life, without being subject or liable to or for the debts, contracts, or engagements of the said Sarah N. Hollinshead. And from and immediately after the decease of my said son, then with respect to the remaining one-half part of the moiety of the said premises, to hold the same in trust, to pay the net rents and income thereof, in equal shares, to all the children of my said son, or to use and expend the same in and about the maintenance and education of the said children, during the natural life of their mother, the said Sarah N. Hollinshead, if she shall survive her husband, my said son.

"And from and immediately after the decease of the said Edgar P. Hollinshead and Sarah N. Hollinshead his wife, or the survivor of them, I give and devise the said undivided moiety of the premises aforesaid unto the children of my said son, Edgar P. Hollinshead, in equal shares, and to their heirs and assigns, forever."

Then follows a devise of the other moiety to the daughter, Mrs. Bell, in fee. The block was sold in 1912 for

$20,000, after deducting encumbrances, and one-half thereof ($10,000) was received by the trustee, subject to the same trust as the land. The son, Edgar P. Hollinshead, died in 1915, and his last will provides, inter alia, as follows, viz:

"I give, devise and bequeath all my property, real, personal and mixed, wheresoever situated (including all the property I have power to dispose of under the provisions of my mother Jane M. Hollinshead's will) to my beloved and faithful wife Sarah N. Hollinshead absolutely."

In 1920 an account was filed by the trustee and before the auditor, appointed to determine the rights of the parties and make distribution, the son's widow claimed the one-half of said moiety absolutely under the wills above mentioned, while for his children it was urged that the trust continued for the entire moiety until the death of the widow and that the execution of the power of appointment was inoperative except as to the income of the said one-half of the moiety during the widow's natural life. The auditor agreed with the latter contention; but the orphans' court sustained exceptions thereto and its decree, awarding the one-half of the moiety to the son's widow, forms the basis of this appeal on behalf of the children.

While the case presents a problem, our conclusion is that the decree should be affirmed. The actual personal intent of the testatrix should govern (Tyson's Est., 191 Pa. 218) and it must be ascertained by a consideration of the will as a whole: Schuldt v. Reading Trust Co., 270 Pa. 360; Packer's Est. (No. 1), 246 Pa. 97; Miller's App., 113 Pa. 459; Middleworth's Admrx. v. Blackmore, 74 Pa. 414. The clause of the will first above quoted creates an active spendthrift trust of Edgar's moiety, giving him the life use with the power to make an absolute disposition of the one-half thereof by his last will, which he did. In the event of his failure to do so, however, the will continues that one-half within the trust during the life of his widow and for her use, then gives

the entire moiety to Edgar's children in fee. This provision gives rise to appellant's contention that by it the power given Edgar was revoked, except as to the use of the one-half of the moiety during the life of his widow, should she survive him. While plausible, we cannot agree that such is a sound construction, for, if so, the power would have been wholly destroyed by the death of Edgar's wife in his lifetime, yet there is nothing in the will to such effect or that limits the power to a life use. If the latter was all the mother intended to bestow upon her son she probably would have omitted the power clause and, as she did in the event of its nonexercise, have given the life use directly to the surviving widow. The gift in remainder of the entire moiety to Edgar's children may have been based on the thought of his failure to exercise the power of appointment; moreover, as the gifts to Edgar and his wife were limited to life estates, it was proper to dispose of the entire moiety in remainder, for the power might not be exercised. So the gift over of the whole moiety in general terms does not indicate an intent to revoke the power, but rather a provision for the contingency of its nonexercise and in any event to dispose of the one-half of the moiety excluded therefrom. This construction gives effect to the several provisions of the will, which should always be done if possible (Patton's Est., 268 Pa. 367), and, is, we believe, what the testatrix intended.

Our attention is called to the rule that the later of incompatible clauses in a will must prevail; that rule, however, is never invoked except as a last resort, when there is an utter repugnancy (Patton's Est., supra, and cases there cited; also Jones v. Strong, 142 Pa. 496), which there is not in this case. Conceding the remainder of the moiety was vested in Edgar's children, it was subject to be divested by the exercise of the power given the father: see McCauley's Est., 257 Pa. 377.

The decree is affirmed, costs to be paid out of the fund prior to distribution.