### Williamson et al. *v.* Greene Improvement Co., Appellant.

*Will—Construction—Devise—Life estate or fee simple.*

Where testatrix devises real estate to her children by name, "or their heirs and assigns," and in the next paragraph directs that if any of them die without leaving a living child that the money or property given them shall be "returned and divided equally" among her children or grandchildren, and the whole tenor of the will gathered from its four corners indicates that testatrix aimed at equality among her children, and that they should come into their several interests soon after her decease, the will will be construed as giving the children an estate in fee.

Argued October 1, 1923. Appeals, Nos. 112 and 113, Oct. T., 1923, by defendant, from orders of C. P. Greene Co., March T., 1922, Nos. 59 and 60, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Texa Williamson and Herschel Williamson et al. v. Greene Improvement Company, Assignee of E. D. Patterson. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for purchase money of real estate.

Rule for judgment for want of a sufficient affidavit of defense. Before RAY, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting it.

*DeWitt Haber,* for appellant.—The intention of testatrix, to be collected from the whole instrument, must govern: Reck's App., 78 Pa. 432; Edwards v. Newland, 271 Pa. 1; Leech's Est., 274 Pa. 369; Lewis's Est., 203 Pa. 211; Mulliken v. Earnshaw, 209 Pa. 226; Wood v. Schoen, 216 Pa. 425; Edelman's Est., 276 Pa. 503; Bedford's App., 40 Pa. 18; Pifer v. Locke, 205 Pa. 616.

*S. M. Williamson* and *A. H. Sayers,* for appellees, were not heard.

PER CURIAM, January 7, 1924:

The court below entered judgment for want of a sufficient affidavit of defense; hence this appeal.

The question involved arises out of the construction of the will of Margaret Everly, deceased, who died May 1, 1919, leaving a husband and four adult children. They, with the spouses of the married children, sued to recover the purchase price of a piece of real estate sold by them to defendant.

The property in controversy was devised by decedent as follows: "I will and bequeath all the Pittsburgh or river veins of coal that I own at my death to be divided equally among my four children, Rosa Everly, Golda Mooney, Fred Everly, Texa Everly and Samuel L. Everly, my husband, or their heirs or assigns." In the next paragraph of her will (Item 4), after appointing executors, testatrix added, "I also direct that if any one of my children die without leaving a living child or more, that the money or property that I gave him or her be returned and divided equally among my children and grandchildren then living without interest." The husband of decedent took against her will, but joined in a deed tendered to defendant by plaintiffs, in accordance with the contract of sale. Defendant refused to accept the deed or pay the purchase money, on the ground that

plaintiffs could not convey a good and marketable title under the will in question, because, it avers, the last quoted provision served to reduce the estate of the children of testatrix to less than a fee simple.

The court below properly decided that plaintiffs had tendered, and could convey to defendant, a good and marketable title, saying, inter alia, "In the case at bar there was no preceding life estate created in the coal in controversy; it was devised immediately and absolutely, in the first instance, by the fourth paragraph of testatrix's will, to her four children, and, they having survived her, their interest in the said coal became absolute."

To further quote from the opinion of the court below: "At the time of making her will, one of her children was married, and the other three have married since her death; none of them have had or now have children. In item one she gives to her husband, during his lifetime, or as long as he remains her widower, the use of [a certain] property......In the second item, she directs that at the death of her husband, or his remarriage, the property mentioned in item one shall be sold and divided equally among her four children, naming them, or their heirs and assigns; and in the third item she directs that three years after her death, all the money she has left after payment of debts, funeral expenses, and other expenses, shall be divided among her four children, naming them, or their heirs and assigns. In the fourth item [the one here in question], she wills and bequeaths that all the Pittsburgh or river vein of coal that she owns at her death shall be divided equally among her four children, naming them, and 'Samuel Everly, my husband, or their heirs and assigns.' Two things are plainly evident from the language used by the testatrix in these four items of her will: (1) That it was her desire, purpose and intent to vest her entire estate, both real and personal, subject to the provision therein made for her husband, share and share alike, in her four children, the primary objects of her bounty; (2) that her four children and her husband,

in case he survived her, should become vested with as full and complete title to the vein of coal in question as she should have thereto at her death. Has the testatrix defeated these evident intentions by the last sentence in the concluding paragraph of her will?......If she has thereby defeated her evident intent, as expressed in the four paragraphs of her will to which we have referred, as strenuously argued by the defendant, then it follows that the ultimate objects of her bounty could not be ascertained until the death of the last survivor of her four children, which will, of course eventually occur, but possibly, and even probably, not for fifty years. The whole tenor of her will, gathered from its four corners, negatives any such idea, thought, intention or purpose on the part of the testatrix. She aimed at equality as between her children, and her purpose was that they should come into the enjoyment of their several interests in her estate soon after her decease; her evident purpose, gathered from the wording of her will, was to vest in her children an estate in fee.''

The last clause in item 4 of this will, above quoted, can and should be read as not cutting down the previous devise in fee.

The order about to be entered also applies to defendant's appeal at No. 113 of October Term, 1923.

The judgment is affirmed.