## Orphans' Home and Asylum for the Aged and Infirm of the Evangelical Lutheran Church, Appellant, *v.* Women's Pennsylvania Society for Prevention of Cruelty to Animals.

*Wills—Construction—Devise of real estate—Life estate or estate in fee—Husband and wife.*

1. Where a husband devises to his wife "the house in which I may reside at the time of my decease, should said house belong to me, but in case said house should not belong to me then I give, devise and bequeath to my said wife the house I now reside in" for life, and it appears that at the time of his death the house in which he resided belonged to him and was the same house referred to by him as "the house I now reside in," the court will construe the devise as giving to the wife a life estate only in the premises in question.

2. Such construction has added force where it appears that it was supported by the general scheme of testator's whole will, which contemplated a life estate only in the wife as to all other property given to her by the will.

3. The item of the will relating to the residence, contained but one devise, which must be read as a whole, and not separated into two parts.

Argued January 16, 1924. Appeal, No. 217, Jan. T., 1924, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1923, No. 6069, making absolute rule for judgment for defendant on the pleadings, in case of Orphans' Home and Asylum for the Aged and Infirm of the Evangelical Lutheran Church v. Women's Pennsylvania Society for Prevention of Cruelty to Animals. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Ejectment for land at southeast corner of Germantown Avenue and Meehan Avenue in the City of Philadelphia.

Rule for judgment on the pleadings. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*Paul Van Reed Miller,* for appellant.—The clause of the will in question contains two distinct and separate gifts: Weidman v. Maish, 16 Pa. 504; Shirey v. Postlethwaite, 72 Pa. 39; Rhein v. Miller, 5 Sadler 501.

The first gift standing by itself vested a fee simple title to the property in testator's widow: Rose v. Jessup, 19 Pa. 280; Crosky v. Dodds, 87 Pa. 359; Dilworth v. Gusky, 131 Pa. 343.

The limitation to a life estate applies only to the second of the two gifts: Sampson v. Com., 5 W. & S. 385; Wooten's Est., 253 Pa. 136.

If testator's intention be doubtful all presumptions of law favor a fee rather than a life estate: McFarland's App., 37 Pa. 300; Wilson v. McKeehan, 53 Pa. 79; Watson v. Smith, 210 Pa. 190; Teller's Est., 215 Pa. 263; Ault v. Karch, 220 Pa. 366; Hartley v. Hartley, 265 Pa. 115.

*Joseph H. Taulane,* with him *Samuel Feldman,* for appellee.—To attempt to divide the provision of the will into two distinct and unconnected devises would seem repugnant to the very apparent intention of testator: Schuldt v. Trust Co., 270 Pa. 360; Hollingshead's Est., 273 Pa. 573.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 18, 1924:

The question for decision is, Did Emily S. Royal take a life estate or a fee in premises at the southeast corner of Germantown Avenue and Meehan Avenue, Philadelphia, disposed of by the will of her husband, William C. Royal, who died in 1900? If she had a fee, plaintiff is entitled to judgment; but if she had only a life estate, defendant is so entitled.

Plaintiff is the devisee of the property in controversy from Mrs. Royal, who, after electing to take under the

will of her deceased husband, died testate in 1922. De-
fendant is the residuary devisee under the will of the
aforesaid husband. In this action of ejectment between
these two devisees, the court below concluded that plain-
tiff's devisor had but a life estate, and entered judgment
for defendant; this appeal ensued.

William C. Royal lived continuously in the premises in
controversy from prior to the date of his will to the time
of his death. The will, dated December 31, 1889, provides
as follows: "Item. I give, devise and bequeath unto my
beloved wife, Emily L. Royal, the house in which I may
reside at the time of my decease, should said house be-
long to me, but in case said house should not belong to
me then I give, devise, and bequeath to my said wife the
house I now reside in, she to have, hold and enjoy the
same during all the term of her natural life, and upon
her decease, I order and direct that the same shall go
into and form a part of my residuary estate, to be dis-
posed of as is hereinafter directed."

Appellant contends that the above-quoted testamen-
tary disposition contains not one devise but "two dis-
tinct and separate gifts"; that "the first gift, having
come into effect by force of the circumstances existing
at the time of the testator's death, vested in his widow a
fee simple title to the premises, which was not cut to a
life estate by any subsequent language"; that, on the
widow's death, title to the premises vested in her devisee,
and therefore "the learned court below should be reversed
and judgment entered in favor of appellant."

The court below did not so construe the will, nor do
we. The item in question contains but one devise, which
must be read as a whole, not separated into two parts;
and, when so read, it becomes evident testator intended
his wife should enjoy for life the house in which he was
living at the time of his death, providing he owned the
property and had a right to will it, and if he did not own
the house in which he resided at the time of his death,
then he wanted her to enjoy a like estate in the property

he was living in at the time he made his will in 1899. It is equally evident that whatever property she took was to be for life only; though, as it eventuated, the properties were one and the same.

The construction just stated is not only consistent with the language of the particular item under examination, but is supported by the general scheme of testator's whole will and coincides with the dominant purpose there shown. As is well stated in the opinion of the court below: "Taking into consideration his will with its codicils as a whole, Mr. Royal's general plan for the disposition of his estate contemplated, first, due provision for the support and maintenance of his widow, and, second, the gift of all not required for that purpose to the defendant. None of the principal of his personalty was to come into Mrs. Royal's hands; the absolute gift to her of the furniture and household effects contained in the house which might be his residence at the time of his death, provided for by his will as originally written, was cut down by his first codicil to a gift of the use thereof during her life. All that she was to receive from his residuary estate was a payment of two hundred dollars monthly so long as she might survive him; under Mr. Royal's will, in the shape it finally took, all income on the principal, beyond that monthly sum, was to be paid over to defendant, and the principal itself was to be turned over to it immediately upon [Mrs. Royal's] decease. In view of this general scheme, it is not to be supposed that the testator's provision of a residence for his wife was intended to give her more than a right to use it during her life."

The judgment is affirmed.