# Reiff, Appellant, *v.* Pepo.

*Wills—Construction—Life estate or fee—"Children"—Cutting down fee—Remainder to children of first taker.*

1. Precedents are of little value in the construction of wills. When the actual intention in any instance can be gathered from the words of the will, the fact that another testator may have employed practically the same words with a different meaning is of no avail.

2. Where words sufficient to vest a fee are first used in a devise, and those which follow apparently indicate a contrary intention, the court must, in each case, after considering the whole will, decide as to the primary general intent of the testator; if it be to give an absolute estate, then subsequent words expressing a secondary and particular intent cannot restrict the gift or strip the fee of its ordinary attributes; but if, after considering the will as a whole, the court finds that the devise expresses an unequivocal intention to give less than a fee, and that what otherwise might be construed as a fee was intended only as a less estate, it must be held accordingly.

3. The word "children" in a will, is a word of purchase, and not of limitation, unless the will plainly denotes otherwise.

4. Where a testatrix "gives" to her grandson, a boy, eleven years of age, a house and lot, and in the same clause says, "he not to sell said house and lot, and after his death the same to belong to and invest in and become the property of his children, share and share alike, to be theirs absolutely," the grandson takes an estate for life and not a fee in the house and lot.

5. In reaching such a conclusion the court will take into consideration not only the fact that the words of limitation to the children are in the same clause as the original devise and a part of it, but also the fact that other parts of the will indicated that testatrix knew how to give an absolute estate as distinguished from a life estate, where she so intended.

Williams v. Leech, 28 Pa. 89, and Cross v. Miller, 290 Pa. 213, distinguished.

Argued May 18, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 178, Jan. T., 1927, by plaintiff, from judgment of C. P. York Co., Aug. T., 1926, No. 264, for defendant, on case stated, in suit of George Francis Reiff v. Christian Pepo. Affirmed.

Case stated to determine title to real estate. Before STOCK, J.

The opinion of the Supreme Court states the facts. Judgment for defendant. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*Frederick B. Gerber* and *W. F. Bay Stewart,* for appellant.—Where it is doubtful whether the restriction to less than a fee applies to the devise, the declaration of the statute will prevail: Shirey v. Postlethwaite, 72 Pa. 39.

In order to reduce a devise of real estate to less than the whole estate of the testator therein, such an intention must appear in the will: Crosky v. Dodds, 87 Pa. 359, 361.

Restraints in wills upon alienation were held void in the following cases: McCullough's Heirs v. Gilmore, 11 Pa. 370; Walker v. Vincent, 19 Pa. 369; Jauretche v. Proctor, 48 Pa. 466; Kaufman v. Burgert, 195 Pa. 274; Huber v. Hamilton, 211 Pa. 289.

A general restraint on alienation, except to a particular person, is void: Rea v. Bell, 147 Pa. 118; Gillmer v. Daix, 141 Pa. 505; Good v. Fichthorn, 144 Pa. 287; Glenn v. Stewart, 265 Pa. 208.

Wherever, in a devise of a remainder to the child or children of the first taker, it is thus made clearly to appear that those words are used in a sense of issue or heirs of the body, they are to be treated as describing lineal succession to an entail: Haldeman v. Haldeman, 40 Pa. 29; Yarnall's App., 70 Pa. 335; Campbell's Est., 202 Pa. 459; Potts v. Kline, 174 Pa. 513; Gilland v.

Hallett, 240 Pa. 268; Smith v. Lindsey, 37 Pa. Superior Ct. 171; Glenn v. Stewart, 265 Pa. 208.

*S. D. Wareheim,* for appellee.—The word "child" or "children" is a word of very restricted meaning; and in the absence of a contrary intention exhibited in the will itself, a gift to "children" will not be construed as including any more remote class of descendants: Castner's App., 88 Pa. 478; Hunt's Est., 133 Pa. 260; Steinmetz's Est., 194 Pa. 611; Page's Est., 227 Pa. 288; Oyster v. Oyster, 100 Pa. 538; Doebler's Est., 64 Pa. 9; Manning v. Bader, 224 Pa. 575; Crawford v. Oil Co., 208 Pa. 5; Affolter v. May, 115 Pa. 54.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 25, 1927:

The court below entered judgment for defendant on a case stated and plaintiff has appealed. The facts agreed upon are briefly as follows: Catherine Naylor made her will, dated September 23, 1910, with a codicil dated January 14, 1911, and died on December 6, 1911, leaving to survive her a son, Francis M. D. Reiff, a daughter, Catherine E. Hutton, and two grandchildren. Plaintiff, George Francis Reiff, is one of the latter; at the time of filing the case stated he was past twenty-one years of age, unmarried, and without issue. Testatrix provided in her will, inter alia, as follows: "I give. . . . . . to George Francis Reiff all that certain house and lot [the property in controversy]. He. . . . . .not to sell such house and lot. . . . . ., and after his death the same to belong to and invest in and become the property of his children, share and share alike, to be theirs absolutely." Plaintiff took possession of the property in question, and, August 1, 1926, entered into a contract to sell it to defendant, agreeing to deliver to the latter "a title in fee simple, free and clear of all encumbrances." Defendant refused to perform his contract of purchase, alleging that "plaintiff does not own the said real estate

in fee simple and is unable to make and deliver......a deed that will vest title in fee simple." The case stated contains an agreement that, if the court should be of opinion "that the said will of Catherine Naylor under the law vests in plaintiff a fee simple title, then judgment to be entered in favor of plaintiff......, and if the court be of the contrary opinion, then judgment to be entered in favor of defendant, with costs of suit," each party reserving the right to appeal.

It is quite clear that, under section 9 of the Act of April 8, 1833, P. L. 249, reënacted by section 12 of the Act of June 7, 1917, P. L. 403, 407, the first words of the above-quoted devise to plaintiff, read alone, would be ample to vest a fee; but the act in question particularly provides that devises, without "words of inheritance," shall vest a fee "unless it appear by words of limitation or otherwise in the will, that the testator intended to devise a less estate," and we agree with the court below that such intention does appear in this case. Here testatrix, immediately after the words of devise, and in the same paragraph with them, provides that the devisee is "not to sell such house and lot," then the following words occur, "and after his death the same to belong to and invest in and become the property of his children ......, to be theirs absolutely." If the provision against a sale were all that followed the gift to plaintiff, it could well be construed as not sufficient to cut down a fee, and be dismissed from consideration as inconsistent with the previous devise of what, standing alone, would be an absolute estate (Pattin v. Scott, 270 Pa. 49, 52, 53); but the entire clause in question must be read (Schuldt v. Reading Trust Co., 270 Pa. 360, 363; Edwards v. Newland, 271 Pa. 1, 4; Wettengel's Est., 278 Pa. 571, 573; Deeter's Est., 280 Pa. 135, 141), and we cannot disregard the provision which states specifically that the property devised shall, at the death of the first taker, belong to his children absolutely. When the will is read as a whole, as it must be (Hollinshead's

Est., 273 Pa. 573, 576; Williamson v. Greene Imp. Co., 278 Pa. 358, 361; Fairman's Est., 287 Pa. 334, 336), and its general structure given due consideration, it becomes plain that the last-mentioned provision is part of the devise under which plaintiff claims, and it shows that he is not to have more than a life estate.

Where words sufficient to vest a fee are first used in a devise, and those which follow apparently indicate a contrary intention, the court must, in each case, after considering the whole will, decide as to the primary or general intent of the testator; if it be to give an absolute estate, then subsequent words expressing a secondary and particular intent cannot restrict the gift or strip the fee of its ordinary attributes (Walker v. Vincent, 19 Pa. 369, 371, 372; Doebler's App., 64 Pa. 9, 17; Sanders v. Mamolen, 213 Pa. 359, 361; Breinig v. Smith, 267 Pa. 207, 210, 211; Pattin v. Scott, 270 Pa. 49, 51; Smith v. Bloomington C. Co., 282 Pa. 248, 251; Cross v. Miller, 290 Pa. 213), but if, after considering the will as a whole, the court finds that the devise expresses an unequivocal intent to give less than a fee, and that what otherwise might be construed as a fee was intended only as a less estate, it must be held accordingly: Sheets's Est., 52 Pa. 257, 263; Urich v. Merkel, 81 Pa. 332, 335; Boulevard from Second St., 230 Pa. 491, 495; Field's Est., 266 Pa. 474, 477; Wettengel's Est., 278 Pa. 571, 573; Deeter's Est., 280 Pa. 135, 141; Kirkpatrick's Est., 280 Pa. 306, 310-11; Fairman's Est., 287 Pa. 334, 336.

The case of Williams v. Leech, 28 Pa. 89, 93, 94, as set forth in appellant's brief, appears much like the one now before us; it may, however, be readily distinguished. There testator devised real estate to his daughters, without either words of inheritance or a statement that the gift was for life, and to this extent the case is like the present one; but the subsequent provisions, which were there held to show no intention to give less than a fee, are expressed quite differently from those in the present will. Then, again, the structure of the

will in that case differs from the structure of the document now before us; there, in a subsequent and separate clause, testator provided that his daughters should not sell the property devised to them, but should receive the income therefrom and "after their or either of their deaths, their portion shall be equally divided among their children and their heirs, and if either [of such daughters] should die without issue" then over. We said that, by virtue of the Act of 1833, the original devise gave an absolute estate to the daughters in question, and that the last-mentioned provisions, coming after a grant of an absolute estate, were "not inconsistent with a fee......, for they [were but] limitations to the heirs of the devisee, first to the lineal heirs, and second to the collateral heirs, that is, all together, to [the first taker's] heirs general." Therefore she took a fee under the rule in Shelley's Case. When we compare that will with the one now before us, significant differences at once appear. Here, the provision as to what shall happen at the death of the first taker is not contained, as a second or subordinate thought, in a subsequent provision of the will, as in Williams v. Leech, but is found as part of the original devise, in the very clause making the gift to plaintiff; and following, as it does, immediately after the words of devise, it limits the extent of the gift itself. While this fact is not controlling, it has force. Then we have the further fact that, in the present will, the clause in question states plainly that the first devisee's children (without description of such children as "heirs," or reference to them as "issue," as in Williams v. Leech) are to take at his death; and "children" is a word of purchase, not of limitation, unless the will plainly denotes otherwise (Lancaster v. Flowers, 198 Pa. 614, 619; Crawford v. Forest Oil Co., 208 Pa. 5, 19; Manning v. Bader, 224 Pa. 575, 576; Chambers v. Union Trust Co., 235 Pa. 610, 617), which the one before us does not do. Finally, in the will here for construction, wherever testatrix desires to give a fee or ab-

solute estate, she says this in plain words. First, in the clause we are considering, she states that, at the death of plaintiff, the property devised to him is to vest in his children "absolutely"; then, in the next item of the will, she makes a like provision (as to her residuary real estate) for the children of another son, stating that, at this son's death, such real estate is to belong to the latter's children "absolutely"; next, in the fifth item of her will, modified, in another respect, by the codicil, testatrix again states a like provision (as to her residuary personal estate), showing that this was her manner of giving an absolute estate, as distinguished from a life estate; no such evidence, aliunde the particular devise then before the court, appears in the Williams v. Leech will.

Thus we see, by analyzing testatrix's manner of expression, that the provision in the present devise, to plaintiff and after his death to his children, was intended to give only a life estate to the former and the fee in remainder to the latter; for, should we adopt appellant's construction of this devise, as showing an intention on the part of testatrix not to make a gift to the children of plaintiff but to treat him as a source of inheritable succession, merely indicating such children as heirs of his body, or issue, it would follow that the subsequent provisions of the will, disposing of testatrix's residuary real estate and residuary personal estate, where she says in plain terms that the first devisee is to take but a life estate, and then, in each instance, uses practically the same phraseology in disposing of the remainder as employed in the present devise, would have to be construed in a like manner, and, under the rule that a gift over to heirs of the body, following a life estate, vests a fee in the first devisee, testatrix's plainly expressed and twice reiterated intention in disposing of her residuary estate would be defeated, and those to whom she expressly gives only a life estate would take a fee, while those to whom she gives her property "abso-

lutely" would get nothing. This would obviously be a wrong construction.

In the will now before us, testatrix did not, as in Cross v. Miller, 290 Pa. 213, attempt, after giving a fee, to dictate who should be the "heirs" of the devisee, thus recognizing the prior gift of a fee and treating the devisee as a source of inheritable succession. On the contrary, here testatrix herself gives the property involved to the children of the first devisee, after the latter's death, and she gives it to them absolutely, thus impliedly saying that devisee is to take but a life estate; and it can make no difference whether a life estate in the first taker is given by express words, or language is used in the will from which the inference necessarily arises that only such an estate is intended. The law finds an intention to give only a life estate under circumstances much less convincing than those here present, for instance, a devise to A and his children, is in this State uniformly held to give a life estate to A with remainder to his children: Chambers v. Union Trust Co., 235 Pa. 610, 616.

The fact that, in place of saying "I give," testatrix stated that the devised premises were "to belong to and invest in and become the property of [the first taker's] children......absolutely," is not controlling; for, when an outright gift is evidently intended, other forms of expression may have the same significance as the set phrase "I give and devise": Brown's Est., 289 Pa. 101, 119; Packer's Est. (No. 2), 246 Pa. 116, 127; Rau's Est., 254 Pa. 464, 471. In concluding that the present will intends a gift to the children of the first taker, rather than to treat him as a source of inheritable succession, we, of course, have in mind the rule heretofore mentioned that, in its technical sense, "children" is presumptively a word of purchase and not of limitation, and that, speaking generally, children will not be accepted as a word of limitation unless from its context, or from the will as a whole, it appears that the word was used

in the sense of "issue," or as standing for the whole line of direct succession. There is nothing in this will to indicate that "children" was used in other than its technical sense,—which is also its natural sense,—and, as before pointed out, the whole structure of the document indicates testatrix's dominant intent to be that, in each instance, the children of those to whom she first devises her property shall receive the fee or absolute estate in remainder after the death of such first takers; and, this being so, necessarily the latter can take but a life estate. We may add, the fact that here the first taker was a minor (Oyster v. Knull, 137 Pa. 448, 453), unmarried and childless at the death of testatrix, as well as at the time the will was made, does not alter its effect: Manning v. Bader, 224 Pa. 575, 576.

As we have said many times before, precedents are of little value in the construction of wills, because, when used under dissimilar circumstances and with different contexts, the same words may express various intentions. When the actual intention in any instance can be gathered from the words of a will, the fact that another testator may have employed practically the same words with a different meaning is of no avail. The authorities cited in this opinion are used by way of illustration rather than as precedents; the will in its entirety expresses clearly the intention to confer only a life estate on plaintiff, and, hence, the court below did not err in entering judgment for defendant.

The assignment of error is overruled and the judgment is affirmed.