Bumm's Estate.

*Raymond M. Remick*, for exceptants; *George J. Edwards, Jr.*, contra.

GEST, J., March 20, 1931. — The testatrix made her will in 1893 and bequeathed all of her estate in trust for her husband during his life, and at his death bequeathed the same to her two nephews, Charles and Harold, and her niece, Florence, who were the children of her deceased sister. Then follows the portion of the will which gave rise to the present dispute:

"If my husband should die before me, I give, bequeath and devise all of my property and estate to the said Charles Jacob Naylor, Florence Belle Naylor and Harold Steelman Naylor, share and share alike; and if either of them should die either before me or before the death of my husband, I give, bequeath and devise the share and portion of my property and estate herein given to such person to the survivor or survivors of them."

Harold predeceased the testatrix, leaving issue; Florence, who also left issue, survived the testatrix, but predeceased the husband, who lived until 1930; and Charles, who is living, claimed the entire estate, which the Auditing Judge awarded to him on the ground that he, as the survivor, was entitled under the final paragraph of the will.

These exceptions are based on the theory that the gift to the survivor or survivors of Charles, Florence and Harold was entirely conditioned on the decease of the husband of the testatrix before her, and, as Florence survived the testatrix, her interest was vested and passed to her executor, and the devise to Harold, who predeceased the testatrix, was saved from lapse by the Act of May 6, 1844, P. L. 565, section 2, in force when the will was written, the devise being to the children of a deceased sister, and by the Act of July 12, 1897, P. L. 256, which was enacted prior to the codicil of April 16, 1912, confirming the prior will.

At first impression it might seem, in view of the usual and natural desire of a testator, that a legacy such as this should be saved from lapse if the legatee left issue; but, as the will is written, the paragraph above mentioned begins with the words that are relied on, "If my husband should die before me," etc.; on the other hand, however, it certainly seems strange that the testatrix should intend the substitution of the issue of the legatees to depend on the extraneous fact of her husband surviving her or of his dying before her. The sequence of testamentary intent is not logical. The case of the exceptants would be much stronger if the testatrix had said in the beginning, "If my husband survives me I devise my estate in trust for him for life and after his death to Charles, Florence and Harold," and then followed it with the paragraph in question, "If my husband should die before me I devise my estate to the said Charles, Florence and Harold," with the provision for survivorship in question. This might seem to divide the will into two distinct parts, each independent of the other. But, as we read the will, all of it should be read as one connected whole. The testatrix devised her estate in trust for her husband for life with remainder to Charles, Florence and Harold, and then, realizing the possibility of the deaths of any or some of them, added what should happen, first, in the event of the death of her husband before her, and, second, in the event of the death of any of Charles, Florence and Harold, either before her or before her husband, indicating that only the survivor or survivors of them should take.

This is not a case of interpretation of the language used, for the words of the will are clear. It is a question of construction, that is, of arriving at the dominant testamentary intent by a consideration of the successive sentences of the will.

All the parts of the will are to be construed in relation to each other and so as to form one connected whole. We are not asked to transpose the paragraphs of the will or to alter them in the slightest degree, even regarding their punctuation. That the estate of the testatrix is expressed in separate paragraphs has little weight in arriving at her meaning. We need only read them consecutively to ascertain her intention.

The cases cited at the argument have little application, though Wettengel's Estate, 278 Pa. 571, is somewhat similar, and reference may also be made to Orphans' Home v. Women's Pennsylvania Society, 279 Pa. 433, and Hollinshead's Estate, 273 Pa. 573, in support of the principles of testamentary construction above stated.

As we are, therefore, of opinion that the Auditing Judge correctly construed the will, the exceptions are dismissed and the adjudication is confirmed absolutely.