## Knight v. Church, Appellant.

*Will—Devise—Power of sale—Application of purchase money.*

Land devised to a wife in trust and if she "desires she can sell said farm and invest the money in other farm land," creates a present power of sale in the wife, and if she exercises the power and sells the land, the purchaser is under no obligation to see to the application of the purchase money.

Argued Oct. 21, 1907.    Appeal, No. 68, Oct. T., 1907, by defendant, from judgment of C. P. Greene Co., May T., 1906, No. 92, for plaintiff on case stated in suit of Ori L. Knight, Executrix of last will and testament of John R. Knight, deceased, v. Rinehart B. Church.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Case stated to determine marketable title to land.

INGHRAM, P. J., filed the following opinion :
The second clause of the will of John R. Knight, deceased, provides as follows :

" My farm situated in Center twp. . . . I direct that my wife shall have control of said farm, renting farm, paying taxes, & etc. and paying Wayne his share of income until Wayne becomes of age, or if my wife desires she can sell said farm and invest the money in other farming land.

" Should she sell said farm she shall not give bond for the money received from farm until she invests in other land."

The questions for determination here are :

1. Does the will of John R. Knight create a present power to sell?

2. Is the power to sell, if one presently exists, sufficient for sale of part of the land only, i. e., the surface, reserving the coal ?

3. Is Rinehart B. Church, the purchaser, required to look to the application of the proceeds of sale ?

As John R. Knight, the testator, has in express words given his wife the right, if she so desires, to sell his farm, and to invest the proceeds in other farming land, it will not be seriously questioned that the will does create a present power to sell, and as there is nothing in the will fixing either the time or manner of sale, we are of opinion that the widow would have the right to sell the farm at such times as she might think best, and either as a whole, or in parcels, as she might deem best for the best interest of the whole estate.

While the third question, " Is Rinehart B. Church, the purchaser, required to look to the application of the proceeds of sale ? " is not new, still it is one that has not often been before the courts for consideration.

In trusts of certain nature, as, for instance, if it be for the payment of legacies, which are scheduled or specified, the purchaser is bound to see that the purchase money is properly applied.

" But he is not bound to see the money applied, where the trust is for the payment of debts generally and also for the payment of legacies ; and where the trust is for the payment of debts generally, the purchaser is not bound to see to the application of the purchase money, although he has notice of the debts ; for a purchaser cannot be expected to see to the observance of a trust so unlimited and undefined : " Grant v. Hook, 13 Sergeant & Rawle, 259.

In this case the language of the will is, " or if my wife desires she can sell said farm and invest the money in other farming land."

From this it will be seen that the sale of the land and the reinvestment of the proceeds of the sale are both left to the sound discretion of the trustee; she may sell or not, as she may determine after the exercise of due deliberation and discretion : and if she does sell she is required to reinvest the proceeds of the sale in such other farming land as she, after due deliberation and in the exercise of sound discretion, may select.

" Whenever a trustee empowered to sell, is at the same time authorized and required to reinvest the avails of the trust property, under the same trusts with which the original estate was clothed, the purchaser is discharged from all obligation to see to the proper application of the purchase money paid by him to the trustee. And it is difficult to perceive how it could practically be otherwise. Reinvestments are eminently matters for the exercise of sound discretion. The failure of a due exercise of such discretion may involve the trustee in direct personal liability for a breach of trust. To coerce precipitate action by the trustee may be most deleterious to the trust fund ; while to keep the purchaser in a state of suspended liability, until such reinvestment is properly made and duly secured according to the terms of the trust, would embarrass, if not totally nullify the whole power to sell: " Dalzell v. Crawford, 1 Parsons, 37, 50.

Under the circumstances of this case, we are of opinion that the purchaser is not bound to see to the application of the purchase money.

Judgment for the plaintiff.

*Error assigned* was the judgment of the court.

*James J. Purman,* for appellant.

*John L. Wood,* for appellee, was not heard.

PER CURIAM, November 14, 1907 :

The judgment is affirmed on the opinion of the court below.