# Hebron et al. *v.* Magda, Appellant.

*Practice, C. P.—Case stated—Statement of relevant facts—Parties—Marketable title to real estate.*

1. A case stated should set forth all conceivable relevant facts.

2. In a case stated whatever is not distinctly and expressly agreed upon and set forth as admitted must be taken not to exist.

3. A court will not undertake on a case stated to declare title to real estate good and marketable, unless all the parties in interest as shown by the facts set forth in the case stated, are present on the record.

4. The reason for requiring all persons with interests to appear as parties to the record in cases of this kind is apparent, for no judge can hold that a title is "good and marketable" where there is a possibility of future suits being brought against the purchaser by parties whose apparent possible interests cannot be judged because they are not before the court.

5. Where testatrix gives to a son a house "as long as he lives, afterward to be equally divided among his children" and by a codicil in which she recognizes the previous gift, gives instead to the son "the privilege of selling that property and investing in a home some other place more desirable to him," and the son subsequently conveys the property to his father by deed in fee simple, a case stated to determine whether a fee vested in the father, is fatally defective, where the children of the son are not joined as parties in the record, and it is not set forth that there was an actual sale to the father, or that the latter paid the consideration money mentioned in the deed to the son, or that the sale was in fact a bona fide sale in the exercise of a power claimed to have been conferred by the codicil.

*Appeals—Practice—Case stated—Amendment in court below.*

6. In reversing a judgment for plaintiff on a case stated the appellate court will remand the case without prejudice to the right of plaintiff to apply to the court below to amend the case stated, or to raise in another case stated, or in any other appropriate manner, the question of the right to convey a marketable title to the property involved.

Submitted April 15, 1924. Appeal, No. 50, Jan. T., 1925, by defendant, from judgment of C. P. Luzerne Co., March T., 1924, No. 75, for plaintiff, on case stated, in

suit of Daisy M. Hebron et al. v. John Magda.  Before
MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-
HART, SADLER and SCHAFFER, JJ.  Reversed.

Case stated to determine marketability of title to real
estate.  Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiffs.  Defendant appealed.

*Error assigned* was judgment, quoting record.

*Charles E. Keck,* and *W. A. Valentine,* for appellant.

*Thomas M. Herbert,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May
12, 1924:

On consideration of a case stated, the court below
entered judgment for plaintiffs and defendant has ap-
pealed.

In 1923, plaintiffs agreed to sell the surface of prop-
erty at 752 Hazle Avenue, in Hanover Township, Lu-
zerne County, to defendant for $4,250; but when the
deed was tendered, defendant refused to accept it on the
ground that plaintiffs were not in a position to "convey
to him a good and marketable title in fee simple."

The point on which this case turns, as to the power of
plaintiffs to convey "a good and marketable title," arose
thus: Emma G. Marcy died in 1915, seized in fee of the
land here involved; she devised this property "To C.
Raymond Marcy [also called Raymond C. Marcy] ......
he to have use of [it] as long as he lives, afterward to be
divided equally among his children."  Subsequently, tes-
tatrix executed a codicil in which she stated: "To my
son, Raymond C. Marcy, to whom I have bequeathed the
use of the property at No. 752 Hazle Ave., ......I would
instead give the privilege of selling that property and in-

vesting in a home some other place more desirable to him."

In 1920, C. Raymond Marcy, "for the consideration of $2,300, granted and conveyed unto Jared E. Marcy, his father, in fee simple, the premises hereinbefore described." The grantee died intestate in 1923, leaving as his heirs at law the plaintiffs named in the case stated, who claimed that their decedent's grantor possessed, under the will of Emma C. Marcy, deceased, "full power to sell and convey in fee simple" the premises in question, and that he had exercised that power in the deed to their intestate, thereby giving to the latter a good and marketable title which they had inherited and could convey to defendant.

On the other hand, defendant claimed that C. Raymond Marcy had but a life interest and, since he has eight children living (only one of whom is of full age), he could not convey a good and marketable title in fee simple; defendant contended that such a title could be given to him only through "deed or deeds executed by the plaintiffs" and "by the children of the said Raymond C. Marcy......[or their guardians], made in pursuance of a proper order of court."

The last paragraph of the case stated is to this effect: "If the court shall be of opinion that plaintiffs' deed ......will convey to defendant a good and marketable title in simple fee......then judgment shall be entered in favor of plaintiffs........otherwise......in favor of defendant."

In Schuldt v. Reading Trust Co., 270 Pa. 360, 366, we said: "A court should never undertake to declare title to real estate good and marketable unless all the parties in interest are present on the record," adding that a "case stated should set forth......all conceivable relevant facts." We had previously said, in the same opinion, "whatever is not distinctly and expressly agreed upon and set forth as admitted must be taken not to exist."

The reason for requiring all persons with interests to appear as parties to the record in cases of this kind is apparent, for no judge can hold that a title is "good and marketable" where there is a possibility of future suits being brought against the purchaser by parties whose apparent possible interests cannot be judged because they are not before the court. On the general subject of indispensable parties and the power of the court, even of its own motion, to deal with situations showing the absence of such parties, see Hartley v. Langkamp, 243 Pa. 550; Geesey v. York, 254 Pa. 397, 399, 402; Craig v. Craig, 264 Pa. 380; Fineman v. Cutler, 273 Pa. 190, 193.

It is to be observed that the present case stated does not say in plain terms that C. Raymond Marcy made an actual sale of the Hazle Avenue property to his father, Jared E. Marcy, or that the latter paid the former the consideration mentioned in the deed of transfer; nor is there any statement that this transfer was in fact a bona fide sale in the exercise of a power, claimed to be possessed by C. Raymond Marcy under the above-quoted codicil, to sell and convey the property for the purpose of investing in another home. While we do not assume the existence of any facts not set forth in the case stated, yet it is apparent that, were we to decide the question of title on the record before us, the whole purpose of the testatrix to give her son a home for life in the Hazle Avenue house, or in other substituted property, with remainder to his children, could be entirely defeated by a pretended sale from the son to a straw man and a conveyance by the latter to others, accompanied by a judicial decision on a case stated, between the parties last named, wherein no facts are set forth on the subject of the bona fides of the transfer from the life tenant and without notice to the remaindermen. Such a case stated is plainly imperfect and should not be judicially acted on.

It is to be observed that the will clearly vests a life interest in C. Raymond Marcy, with remainder in his

children, and that the codicil does not undertake to re-
voke the original devise; in fact, testatrix recognizes it
as still existing by referring, in the codicil, to her son
as the one "to whom I have bequeathed the use of the
property." It must be kept in mind that the codicil does
not unqualifiedly confer a power of sale on the life ten-
ant (cf. Henninger v. Henninger, 202 Pa. 207), but states
that testatrix gives to him "the privilege of selling......
and investing in [another home]." Of course, it is
possible that this privilege may have been meant by tes-
tatrix to confer on the devisee power to make a convey-
ance without liability on the part of the purchaser to
see to the application of the purchase money (see Knight
v. Church, 219 Pa. 184), but, as suggested by appellant,
there is a possibility the remaindermen may claim tes-
tatrix intended, if the privilege mentioned in the codicil
were taken advantage of by her devisee, that the actual
conveyance should be made under an order of court,
which would care for their interests by requiring security
to be entered for the protection of those in remainder.
We do not, at the present time, adjudge, or suggest any
opinion on, this point, but mention it merely to show the
necessity for those possessing interests in remainder to
be brought on the record where, as here, an attempt is
made to obtain a judicial determination of the market-
ability of a title to be conveyed by, or through, a life
tenant for whom no more than an implied or a qualified
power of sale is claimed.

The judgment is reversed without prejudice to the
right of plaintiffs to apply to the court below to amend
the present case stated, or to raise in another case stated,
or in any other appropriate manner, the question of their
right to convey a marketable title to the property here
involved.