## Hoffeditz et al. *v.* Bosserman et al., Appellants.

*Wills—Construction—Estate in fee—Marketable title.*

1. Where testator devises and bequeaths all of his estate to his wife, her heirs and assigns forever, and in a subsequent clause gives the estate to his two daughters after the death of his wife, and by a still later clause directs that if his eldest daughter should die, leaving no issue, her share should be equally divided among the younger sister's children, and if the younger dies her share should be equally divided among her own children, the two sisters, surviving their mother who survived testator, take a fee either as sole heirs of their mother or as devisees under their father's will.

2. In such case the possible interests of the grandchildren are defeated and the two sisters may convey the testator's real estate in fee.

*Vendor and vendee—Title to real estate—Parties in interest—Practice, C. P.—Appellate court practice.*

3. A court should never undertake to declare title to real estate good and marketable unless all the parties in interest are present on the record, and this means all parties with a substantial interest in the controversy before the court, in the sense that, in order to determine the course, their rights must be passed upon.

4. If the case involves the question of the construction of a will, all persons ought to be made parties who, on the face of the will, have such a color or possibility of interest that the title to the property in controversy would not be marketable (in the sense of acceptable to ordinarily prudent purchasers) without their legal status first being judicially determined.

5. Consideration of the case should be postponed until all parties possibly interested are given an opportunity to be heard.

6. If it appears that minors have possible interests that they might assert in the future, they should be brought upon the record through guardians appointed by the court below, to protect them.

7. Where no guardian has been made a party and, at the argument on appeal, the Supreme Court grants permission to have a guardian of the minors appear by counsel, and such guardian appears, the case is ripe for determination, and will be passed upon.

Argued January 27, 1925. Appeal, No. 10, Jan. T., 1926, by defendants, from judgment of C. P. Franklin Co., Oct. T., 1924, No. 313, for plaintiffs on case-stated, in suit of Margaret S. Hoffeditz and Laura A. Brosius v. J. E. Bosserman and C. I. Selser. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Case-stated to determine title to real estate. Before Gillan, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiffs. Defendants appealed.

*Error assigned* was judgment, quoting record.

*Charles Walter,* of *Walter & Gillan,* for appellants.— The will gave but a life estate to the first taker: Fox's App., 99 Pa. 382; Sheets's Est., 52 Pa. 257; Shower's

Est., 211 Pa. 297; Field's Est., 266 Pa. 474; Pattin v. Scott, 270 Pa. 49.

Appellants contend the dominant purpose of testator was to give his estate to his wife for life and at her death to his children. This view is confirmed by the fact that he appoints his daughters executors, which goes to show that he expected something to be done after the death of his wife.

The children of Margaret Hoffeditz are not parties to this action though their rights will be concluded by the result. Testator had in mind to give his estate to them eventually. That was the dominant purpose running through the whole will. It is possible he did not succeed in doing this with respect to the share of Margaret Hoffeditz but it is quite clear that he did give them the share of Mrs. Brosius, should she die without issue.

*J. R. Ruthrauff*, of *Ruthrauff & Nicklas*, for appellees. —That Mrs. Annie E. Brubaker took an estate in fee under the second paragraph of her husband's will, standing alone, is clear beyond all question: Coles v. Ayres, 156 Pa. 197; Yost v. McKee, 179 Pa. 381; McAlpin's Est., 211 Pa. 26; Keating v. McAdoo, 180 Pa. 5.

If Mrs. Brubaker took a fee simple under her husband's will, then her daughters as her heirs at law, can convey a good title to the purchasers of this property.

If, however, it be held that Mrs. Brubaker, the widow, took only a life estate, then the two daughters, having survived their mother, took a fee simple estate as devisees under their father's will and can convey a good title to the purchasers.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 16, 1925:

The facts set forth in the two following paragraphs of this opinion were agreed upon in a case-stated between Laura A. Brosius and Margaret S. Hoffeditz, vendors and plaintiffs, and J. E. Bosserman and C. I. Selser,

vendees and defendants; and, further, the parties stipulated: "If the court be of opinion that [plaintiffs] can convey to defendants a good title in fee simple for the property sold by them to defendants, then judgment to be entered in favor of plaintiffs in the sum of $4,050; otherwise, judgment to be entered for defendants, each party reserving the right of appeal from the decree of the lower court."

"The property in question was owned in his lifetime by Ezra Brubaker, who died January, 1916, leaving a holographic will......as follows: '......First All my just debts and funeral expenses shall be first paid Second I give devise and bequeath all the rest residue and remainder of my estate both real and personal to my beloved wife Annie E. Brubaker to have to hold to her my said wife and to her heirs and assigns forever Third I nominate and appoint my said wife Annie E. Brubaker to be the executor of this my last will and testament, hereby revoking all former wills by me made Fourth And after the death of my beloved wife Annie E. Brubaker the estate both real and personal shall be equely devided between my two daughters I nominate and appoint my two daughters Laura A. Brosius and Margaret S. Hoffeditz to be the executors of this my last will Fifth and if Mrs. Laura A. Brosius dies and leaves no issue then her share shall be equely devided amongst Mrs. Margaret S. Hoffeditz's children Sixth and if Mrs. Margaret S. Hoffeditz dies then her share shall be equely devided amongst her children'

"Ezra Brubaker left as his heirs-at-law his widow, Annie E. Brubaker, and the two daughters, plaintiffs in this suit. Annie E. Brubaker, the widow, died intestate on or about the tenth day of December, 1923, leaving to survive her as her only heirs-at-law the plaintiffs."

The court below found in favor of plaintiffs and defendants appealed.

We are of opinion that, without regard to whether testator's widow took a fee or only a life estate, on her death the fee passed to her two daughters, the plaintiffs, either as the sole heirs of their mother or as devisees under their father's will; for, as we read the will, the fifth item thereof means, if testator's widow survived him and plaintffs should die before their mother, at the death of the latter, their several shares should go to their children as substituted devisees, or to the children of Mrs. Hoffeditz if her sister left no issue. Since testator's children outlived both their father and mother, the possible interests of the grandchildren are defeated, and plaintiffs, as the only ones in interest, can convey a fee, provided, of course, that their husbands join in the deed.

We have said many times that, "A court should never undertake to declare title to real estate good and marketable unless all the parties in interest are present on the record" (see Schuldt v. Reading Trust Co., 270 Pa. 363, 366; Hebron v. Magda, 280 Pa. 508, 510-11; Smith v. Bloomington Coal Co., 282 Pa. 248); this means all parties with a substantial interest in the controversy before the court, in the sense that, in order to determine the cause, their rights must be passed upon. In a case like the present all persons ought to be made parties who, on the face of the will, have such a color or possibility of interest that the title to the property in controversy would not be marketable (in the sense of acceptable to ordinarily prudent purchasers) without their legal status first being judicially determined. We said in Hartley v. Langkamp et al., 243 Pa. 550, 555, that all parties "must be joined who otherwise, not being bound by the decree, might assert a demand against the principal defendant which would be inequitable after the latter's performance of a decree·in favor of plaintiff"; and in Springfield Real Estate Co. v. Kellett, 281 Pa. 398, 400-1, that "If the question for adjudication depends on a gift by will or otherwise and the point to be decided

is which of two or more donees are entitled to the fee, consideration of the case should be postponed until all parties possibly interested are given an opportunity to be heard."

Here, plaintiffs have minor children who, it is reasonable to anticipate, if they are not put in a position to be bound by the present judgment, may claim title in the future, and whose possible interest, counsel inform us, this case was brought to determine; which latter fact shows that the parties litigant did not consider the title marketable until the legal standing of these minors in relation thereto was adjudged, yet they were not made parties in the court below, as they should have been, and therefore would not be bound by the judgment rendered. At argument in this court, however, leave was asked and granted to have the guardian of the minors appear by counsel. Since then counsel has appeared and filed a petition to intervene on behalf of Charles Walter, guardian ad litem, wherein he adopts, "as his argument on behalf of the minors,......the argument filed in behalf of the appellants"; this petition having been granted, the case is ripe for determination, but we take occasion to say, as a guide for the future, that the guardian should have appeared in the court below.

The judgment is affirmed.