## Fritz v. Gehris.

*Real estate—Agreement of sale—Fee simple title—Title of grantor—Life estate or estate in fee—Wills—Construction—Contingent legatees—Parties to record.*

Plaintiff sued to recover from defendant the purchase price of real estate under an agreement of sale. The defendant admitted the agreement, but filed an affidavit of defense in lieu of demurrer on the ground that the plaintiff was incapable of giving him the title in fee simple stipulated in the agreement because she derived title from her husband by will and that the will gave her only a life estate. The will, a copy of which was attached to plaintiff's statement of claim, provided that after the plaintiff's death the estate was to be divided among certain named institutions. The will also contained a further contingent disposition naming intended legatees. None of such persons were parties to the record: *Held*, that consideration of the case should be postponed until all parties possibly interested were made parties to the suit. Leave was granted to the plaintiff to amend the pleadings by the addition of necessary parties and bringing them into court within sixty days; and in default thereof, judgment for defendant.

Affidavit of defense in lieu of demurrer. C. P. Berks Co., Dec. T., 1927, No. 114.

*E. H. Deysher*, for plaintiff; *Randolph Stauffer*, for defendant.

SCHAEFFER, P. J., April 12, 1928.—Plaintiff seeks recovery under an agreement for the sale of real estate. Defendant refused the tender of the deed offered and filed his affidavit of defense in lieu of demurrer to plaintiff's statement of claim. Plaintiff claims title in fee simple under the will of her hus-

band, Martin H. Fritz, deceased. Defendant refused on the theory that plaintiff took only a life estate in the property to be converted. The determination of this suit, therefore, involves and is dependent upon the interpretation of the will of said decedent.

Before determining this main issue, it becomes important and, in fact, essential, to determine a prior question, that of the effectiveness of a judgment rendered under the pleadings.

Without reciting the will, we note that while testator in the first instance gives plaintiff an absolute estate in all his property, he subsequently, in item 4, directs:

"After her death the estate is to be divided equally among the following institutions: Lutheran Orphans' Home, Topton, Bethany Orphans' Home, Womelsdorf, Home for Friendless Children, Reading, Home for Crippled Children, Allentown, and such other homes as my wife Ada may see fit to include, or above mentioned exclude."

He adds a further contingent disposition, by item 5, naming intended legatees. Whether the original absolute estate is cut down by these subsequent testamentary provisions undoubtedly will require ultimate answer. When, however, such answer is made, it should have the effect of being binding against the world as to the title involved. To have such effect, all parties having any positive or possible, present or future, vested, contingent or defeasible interest in the property must have their day in court. The very question for determination, whether Lutheran Orphans' Home and the others named have any interest in the real estate involved, must be left unsettled as to those parties, under present pleadings, for the reason that they are not now parties to the record, will not be heard, and, consequently, will not be bound by a judgment entered. After judgment entered, they would still have recourse against the grantee and their title would be determined without reference to this suit or the judgment here entered.

This action, by its pleadings, is analogous to a case stated for determination of title to real estate. Judgment, in either case, becomes effective only if all possible parties in interest are brought upon the record, have their day in court, and plead or defend upon the facts presented. In Hoffeditz et al. v. Bosserman et al., 282 Pa. 570, 574, the Supreme Court say: "We have many times said that 'a court should never undertake to declare title to real estate good and marketable unless all the parties in interest are present on the record' (see Schuldt v. Reading Trust Co., 270 Pa. 363, 366; Hebron v. Magda, 280 Pa. 508, 510, 511; Smith v. Bloomington Coal Co., 282 Pa. 248); this means all parties with a substantial interest in the controversy before the court in the sense that, in order to determine the cause, their rights must be passed upon. In a case like the present, all persons ought to be made parties who, on the face of the will, have such color or possibility of interest that the title to the property in controversy would not be marketable (in the sense of acceptable to ordinarily prudent purchasers) without their legal status first being judicially determined. We said in Hartley v. Langkamp et al., 243 Pa. 550, 555, that all parties 'must be joined who otherwise, not being bound by the decree, might assert a demand against the principal defendant which would be inequitable after the latter's performance of a decree in favor of plaintiff;' and in Springfield Real Estate Co. v. Kellett, 281 Pa. 398, 400, 401, that 'if the question for adjudication depended on a gift by will or otherwise and the point to be decided was, which of two or more donees was entitled to the fee, consideration of the case should be postponed until all parties possibly interested are given an opportunity to be heard.'"

In accordance with these views, and to the end that the matter may properly come before us, leave is granted plaintiff to amend her pleadings, by the addition of necessary parties and bringing them into court, within sixty days from this date. In default thereof, judgment will be entered for defendant.

From Charles K. Derr, Reading, Pa.