In re: Appeal of Grumbling.

346

Argued April 15, 1930.

Before Trexler, P. J., Linn, Gawthrop, Cunningham and Baldrige, JJ.

*E. Walker Smith,* for appellant.—An auditor's report will not be set aside because of the admission of incompetent evidence where his finding is supported by other competent legal evidence. Sawtelle's Appeal, 84 Pa. 306.

*Ernest Stewart,* for appellee, cited: Green's Appeal, 59 Pa. 235; Bailey's Estate, 208 Pa. 594.

OPINION BY CUNNINGHAM, J., July 10, 1930:

This appeal involves the construction of the sixth paragraph of the will of E. W. Smith. It was dated April 28, 1917, and testator died May 25th of the same year, survived by his widow and collateral relatives. The paragraph giving rise to the present controversy

reads: "Sixth. I give and bequeath to my beloved wife, Sarah C. Smith, trustee, in trust, for each of the following E. B. Household, Harry H. Household and Vina Household, children of my beloved sister, LaVina and To Ebbie Smith, son of my beloved brother B. C. Smith and to Isaac R. Smith, son of my beloved brother Richard Smith, the sum of one thousand dollars to be held by said trustee and at her discretion to invest same retaining all the interest or profits thereout to herself during her natural life."

In the seventh paragraph testator's wife was named as his residuary legatee and devisee and she and John E. Douglass were appointed executrix and executor. Sarah C. Smith died, intestate, November 28, 1923, and the portion of testator's residuary estate then in her possession passed to her heirs. The quantum of her estate under the seventh paragraph was determined by the Supreme Court in the case of Sarah C. Smith v. Bloomington Coal Co., 282 Pa. 248. Douglass was appointed her administrator and on her behalf stated and filed in the court below on July 21, 1925, her first and final account as trustee under the sixth paragraph of her husband's will. In this account the trustee was charged with the sum of $5,000 as the corpus of the trust fund and with the sum of $1,620 as accumulated interest. Among the credits claimed was an item of $1,300 as the amount of interest earned during the lifetime of Sarah C. Smith and to which she was entitled under the terms of the trust. This account was filed upon the theory that five legacies, each in the sum of $1,000, were bequeathed by testator to his wife in trust for four nephews and one niece—E. B. Household, Harry H. Household, Vina Household, Ebbie Smith and Isaac R. Smith. Various exceptions were filed to the account but, under the conclusions we have reached, the only one with which we are concerned is the exception of appellant reading: "Said account does not contain the full amount of money willed to the heirs

mentioned in item 6. It was the intention of said decedent to give to his wife, Sarah C. Smith, trustee, the sum of six thousand ($6,000) dollars instead of five thousand ($5,000) dollars; one thousand ($1,000) dollars for each of the parties named in said item 6, including Lavina Grumbling, nee Lavina Smith.''

An auditor was appointed to pass upon the exceptions and report a schedule of distribution. There was competent evidence before him that testator never had a sister Lavina and that his only sister was Elizabeth Household, who survived him but died during the lifetime of his widow. Elizabeth Household was the mother of E. B. Household, Harry H. Household and Vina Household, three of the legatees named in the paragraph. Lavina Smith Grumbling, the appellant, is a daughter of testator's brother, B. C. Smith, and a sister of Ebbie Smith, another legatee mentioned in the paragraph. Her contention is that testator, when he used the name "LaVina" in dictating his will to counsel, meant her and intended to make her a legatee along with her brother, thereby making the legatees six in number. The auditor, in quoting the paragraph in his report, used punctuation differing materially from that of the paragraph as we have quoted it above from the printed record; a colon and five commas have been inserted. He concluded that it was the intention of the testator to devise $1,000 to appellant. In support of this conclusion he suggested that ''all that is needed is to substitute the word 'children' for the word 'son' or to insert the word 'daughter' after the name 'Lavina.' '' Even the taking of these liberties with the language of the testator would not be enough; the auditor apparently overlooked the effect of the word ''to'' preceding the name ''Ebbie Smith.'' The debatable portion of the paragraph, if amended in accordance with the suggestions of the auditor, would read: ''In trust for ...... [the Households] children of my beloved sister, LaVina and to Ebbie Smith *children* of

**my** beloved brother B. C. Smith," etc.; or "LaVina, *daughter*, and to Ebbie Smith, son, of my beloved brother B. C. Smith," etc. The theory of the auditor would also require the striking out of the significant word "to." The accountant was accordingly surcharged by the auditor with $1,000 for the additional legacy, together with interest thereon. The court below reversed the auditor upon the question of the number of legatees and excluded appellant. Under the final decree from which this appeal was taken each of the five persons included by the court below as a legatee was awarded $1,042.88, being the legacy of $1,000, less collateral inheritance tax, plus interest from the date of the death of testator's widow, and less one-fifth of the fees of counsel and accountant, and the costs of filing the account and the audit.

We quote, with approval, the following excerpt from the opinion supporting the decree: "We cannot conceive of plainer or stronger language than that in which this [sixth] paragraph is couched if we substitute the word 'Elizabeth' after 'sister,' instead of 'Lavina.' ...... Nothing is more common than mistakes of christian names, both in conversation and in writing, and especially to a man of the age and condition of the testator when the will was made. Again, the testator seemed to have a desire not only to name the legatees, but to designate the parent and his or her relation to himself. After naming the three Household children, the last named being Vina, the testator proceeds to designate the parent and the relationship which she held to him, and having named the last legatee of the group of three 'Vina,' it is not hard to account for the inadvertence which misnamed the sister 'Lavina' instead of 'Elizabeth.' This same method was followed by the testator when he designates 'Ebbie Smith,' son of his beloved brother B. C. Smith, and 'Isaac R. Smith,' as 'son of my beloved brother, Richard Smith.' To adopt a forced construction which would make La-

vina Grumbling one of the legatees would be a departure from the method which we feel certain was adopted by the testator in designating the legatees and their parentage in each instance. The court feels constrained to say that to follow the course pursued by the auditor in changing the punctuation and inserting into the will words which the testator never put there would be setting an example which, if followed, would involve the construction of wills in uncertainty. We are therefore of opinion that the three Household children and the two Smiths, Ebbie and Isaac, were the persons and the only persons intended and named by the testator." To this we may add that there is nothing in the paragraph indicating any purpose to give a legacy "to" any person named Lavina except "Vina" Household. The proper name following the word "sister" is clearly intended to be merely an identification of the mother of the Household children and not the name of an object of testator's bounty. There was no evidence from which the court below could determine whether the error was that of testator in dictating, or of the scrivener in writing, the will. When the testator determined that more than one child of his sister should have a legacy he described these objects of his bounty as her "children." If he had intended that more than one child of his brother, B. C. Smith, should be a legatee he would naturally have described them as "children" of his brother. We are of opinion that the construction placed upon the paragraph by the auditor would defeat the manifest purpose of the testator and that the court was, therefore, fully justified in excluding appellant from the distribution.

Counsel for appellant complains that certain evidence, received by the auditor, under objections, and used by him in support of his findings, was ignored by the orphans' court. There was no direct evidence of any declarations by testator indicative of an intention to give a legacy to appellant. The nearest ap-

proach to anything of this kind was the testimony of Vina Household Smith (the Vina Household named in the paragraph) who testified as follows with respect to certain statements made by testator's widow on the day after his funeral: "She said, 'he remembered you children.' She mentioned each one—Harry, Ebby and myself, also Vinnie Grumbling and Ebby Smith, 'Ben's children,' she said, and Isaac Smith, Uncle Richard's son. She said he left one thousand dollars a piece for each of them, but said we would not get it as long as she lived. She said she had talked this over with him several times before he made the will." This testimony was objected to upon the ground that the witness was incompetent, by reason of the death of her aunt, to testify to her declarations and, as to the alleged declarations of testator, the testimony was inadmissible because it was (a) hearsay and (b) related to confidential communications between spouses. Appellant was permitted, over objections, to testify that testator's widow said to her that "the people who objected to her [appellant] being considered a legatee under the will would find out whether she was or not." It is not necessary for us to pass upon the admissibility of this testimony. Considered in the light most favorable to appellant it is nothing more than an expression by the widow of her construction of the will. There is nothing in it, or in any of the evidence adduced before the auditor, which would warrant us in disregarding the plainly expressed intent of the testator.

The first assignment of error relates to the matters we have already discussed and is overruled. In the second assignment it is alleged that the court erred in placing the costs of adjudicating the account of the trustee upon the legatees instead of charging them to the general estate of the trustee. As we have held that appellant is not a legatee she is not interested in this question and the assignment is dismissed.

Subsequent to the entering of the final decree, ap-

pellant presented a petition for a rehearing upon the ground of alleged after-discovered evidence and obtained a rule to show cause. The third assignment charges error in dismissing the petition and discharging the rule. The substantial averments of the petition were (a) that appellant had found a witness who would testify that testator, shortly before his death, stated to the witness that appellant was to be one of the legatees under his will and (b) that testator had transferred $6,000 from his checking account in a bank into his savings account in order, as appellant argues, to provide a fund for the payment of the legacies under the sixth paragraph of his will. Although it is averred that the proposed evidence was discovered after the entry of the decree, there is no allegation that it could not have been obtained prior to the hearings before the auditor by the exercise of due diligence. No explanation is offered by appellant for her failure to procure and submit the evidence at the proper time and, in our opinion, it is not of such a character as to warrant a different result even if it had been adduced at the hearings. We are not persuaded that the court below abused its discretion in dismissing the petition and this assignment is likewise overruled.

The decree is affirmed.