## Shoener v. County of Schuylkill, Appellant.

Argued October 27, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Ralph M. Bashore,* for appellant.

*H. O. Bechtel,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1932:

The question involved in this appeal is whether the County of Schuylkill is liable for the salary of a clerk in the county treasurer's office.

Section 7 of the Act of March 31, 1876, P. L. 13 (16 PS §2237), creates a salary board, "whose duty it

shall be to meet together, from time to time, as they may be required by any of the officers whose salaries are established by this act, for the purpose of ascertaining and determining the number of deputies or clerks required for the proper dispatch of business by each of such officers, and for fixing the salary of each of said clerks and deputies.'' In pursuance of that authority, the salary board, on January 25, 1932, fixed the salary of the plaintiff herein, for the year 1932, at $1,920. When the plaintiff demanded the sum of $160 for services rendered during the month of April, 1932, payment was refused. An action of assumpsit was brought and the parties agreed upon a case stated, which stipulated, inter alia, ''That the said Thomas B. Shoener, plaintiff, was assigned by the Hon. Paul W. Houck to the department in the county treasurer's office for the collection of the dog tax and the issuing of fishing and hunting licenses,'' and that ''he discharged his duties diligently and satisfactorily.'' It will be noted that it is not stated whether he had any additional duties.

The defendant's contention that the county is not liable for plaintiff's salary rests upon the ground that plaintiff was engaged *solely* in the work for the Commonwealth and, therefore, the county is not liable for the salary. That fact, however, is not stipulated in the case stated. In our determination, we are confined to the facts agreed upon, and no others. Whatever is not expressly and distinctly agreed upon and set forth as admitted must be taken not to exist: Loux & Son v. Fox et al., 171 Pa. 68, 71, 33 A. 190; Schuldt v. Reading Trust Co. et al., 270 Pa. 360, 366, 113 A. 545; Hebron et al. v. Magda, 280 Pa. 508, 510, 124 A. 674.

Section 7 of the Act approved April 9, 1929, P. L. 444 (34 PS §309), makes the county treasurer an agent of the Commonwealth for the collection of hunters' license fees, and allows him to retain a certain amount

as compensation for services. All balances are to be remitted at least once a month to the State Treasurer through the Department of Revenue. Section 6 of the Act of April 9, 1929, P. L. 451 (30 PS §225), contains identical provisions relative to fees for fishing licenses. Section 1 of the Act of April 9, 1929, P. L. 456 (3 PS §463), makes the county treasurer an agent of the Commonwealth for the collection of dog license fees, "and, for services rendered in collecting and paying over the same, the said agents shall be allowed to retain the sum of ten cents from the amount paid by each licensee, which amount shall be paid into the county treasury, except that said county treasurers may retain out of said fees amounts necessary to reimburse them for any expenses, including the compensation of necessary employes, incurred in the collection and transmission of money for the Commonwealth under the provisions of this act: Provided however, That the number and compensation of such employes shall have been approved by the Department of Revenue."

There is no stipulation that the plaintiff was employed in accordance with any of these acts of assembly, or that his compensation was approved by the Department of Revenue. As the learned court below well said: "On the contrary, the agreed facts show only that the plaintiff was employed as a clerk in the office of the county treasurer without any specific duties and that his salary was approved by the salary board of Schuylkill County. His employment as a clerk in a county office having been authorized and his compensation fixed by the county salary board in the manner prescribed by law, the county is obliged to pay his salary."

Under the facts before us, we are all of the opinion that the conclusion reached by the learned court below is correct.

Judgment is affirmed.