## Vollmer et al. v. Willis, County Controller

*Marsh, Spaeder, Himebaugh & Baur*, for plaintiffs.
*James W. Evans*, for defendant.

KITTS, J., February 10, 1938.—This is a petition for a writ of mandamus asking the court to compel Harvey M. Willis, County Controller of Erie County, to pay the salaries of the above-named plaintiffs for the last half of January 1938. The petition sets forth that plaintiffs are, respectively, deputy sheriffs and clerks in the office of Carl Kuppler, duly elected and qualified and acting Sheriff of Erie County, and that there has not been sufficient revenue derived from the office to make the said payments. It appears also that warrants for the salaries of the chief deputy, the deputies, and the clerks, for the last half of January, have been duly executed by the county commissioners and presented to respondent, Harvey M. Willis, the county controller. It further appears that the

said Carl Kuppler, sheriff, has received nothing whatsoever to apply on his salary. However, the salary of the sheriff is not an issue in this case. It also appears that the salaries of petitioners have been set and duly ascertained, according to law, by the Salary Board of Erie County; that Dell Darling, the former sheriff of Erie County, whose term expired January 1, 1938, turned over to the County of Erie a total profit of $39,229.70 in excess of the expenses of the office during his term thereof.

The answer of relator, Harvey M. Willis, county controller, admits all the facts in the said petition, but denies his legal duty to authorize payment of the salaries in question.

After a most careful and diligent search for authorities, we can find no ruling directly on this point either by the Superior, Supreme, or any county court. However, it arises by inference from the decisions that the county is liable for these salaries: First, on the proposition that this is in the nature of a continuing office, insofar as the deputies and clerks are concerned; and, second, that the court has power to require an order of payment for these services if they are deemed necessary to the proper administration of justice in this court.

The Pennsylvania Constitution, art. XIV, sec. 5, provides:

"In counties containing over one hundred and fifty thousand inhabitants all county officers shall be paid by salary, and the salary of any such officer and his clerks, heretofore paid by fees, shall not exceed the aggregate amount of fees earned during his term and collected by or for him."

The Act of March 31, 1876, P. L. 13, sec. 5, 16 PS §2235, which was passed to carry the above-quoted section of the Constitution into effect, purports to deal with "All county officers . . . their several deputies and clerks", and makes their salaries a charge upon the treasury of the county "to the extent (except as hereinafter provided) of the fees collected and paid in by each officer respec-

tively". Section 6 of said act provides that the salaries shall be paid from the amounts paid into the county treasury from the respective offices "after ascertaining and deducting the amount due the deputies and clerks in each office". If there is not enough over and above to pay the officer, he is to be paid from subsequent fees. Nothing is said as to what is to be done if the fees are not sufficient to pay the deputies and clerks.

It seems that the Act of 1876, supra, has been fully complied with in this case. It seems apparent that the purpose of the constitutional provisions was to prevent the sheriff from loading up his office with an undue number of deputies and clerks at exaggerated salaries which might exhaust the entire income of his office and thereby waste county money. It would appear that this matter is now out of the hands of the sheriff, inasmuch as the salary board has approved the services and set their salaries in accordance with this act, and that the purpose of the Constitution has been fully met. In the case of Shoener v. County of Schuylkill, 107 Pa. Superior Ct. 114, the county was held liable in an action of assumpsit brought by a clerk in the county treasurer's office, which, of course, is a fee office similar to that of the sheriff. See also Walthour v. McDowell, 109 Pa. Superior Ct. 118, where in an action of mandamus the county controller was ordered to approve the salary of his subordinate assessor where the work had been performed and the salary board had recognized the obligation of the county and fixed the wages.

There can be no other conclusion than that the salary board has extensive powers and considered the services of petitioners in this case necessary and proper for the good of the county, and we feel there is an obligation on the county to pay their salaries irrespective of the fees earned in the said office. If circumstances should arise that the receipts for any current year will not pay the expenses of the office, it would be the function of the salary

board to cut down the number of deputies and clerks compatibly with the income thereof.

The General County Law of May 2, 1929, P. L. 1278, sec. 301, 16 PS §301, provides as follows:

"The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers, clerks, stenographers, and employes, who are paid from the county treasury, shall be as now or hereafter fixed by law, or as may be fixed by the salary board created by law for such purposes."

This indicates an intention on the part of the legislature to require only the salaries of county officers to be determined by fees and all subordinate appointed officers and clerks are to be subject to the action of the salary board.

Even in the case of the chief deputy, whose appointment is governed by the Act of June 9, 1931, P. L. 401, sec. 187, the salary board must also set his salary. The act, inter alia, provides:

"The salary or compensation of such chief deputy shall be fixed by the salary board, where there is such a board, and in other counties by the sheriff."

The appointment of deputy sheriffs is provided for by The General County Law, supra, sec. 186. Very stringent qualifications are specified for deputy sheriffs by the Act of June 4, 1937, P. L. 1595, sec. 1. It is competent for the legislature to create additional county officers: Constitution, art. XIV, sec. 1; and they would not come within the scope of section 5 of article XIV of the Constitution because they would not hold offices "heretofore paid by fees" as of that time. In the case of Maginnis v. Schlottman, 76 Pa. Superior Ct. 124, affirmed by the Supreme Court in 271 Pa. 305 (1921), it was held that an assistant district attorney is not a clerk or deputy within the meaning of the Constitution or the Act of 1876 and that he is entitled to his full salary regardless of the earnings of the district attorney's office. This case appears to

be very much in point with our situation, for certainly a chief deputy sheriff with all the authority of a sheriff, and the deputy sheriffs who are charged with responsibilities in all parts of the county as well as in the important functions of the court, are not the clerks or ordinary deputies contemplated. In the case of Bedford v. Rosser et al., 283 Pa. 345 (1925), the Supreme Court held that an employe designated as a coal clerk, whose duties were in fact those of an engineer, did not come within the scope of the language, "clerks and deputies", as used in the Constitution and the Act of 1876. It is the nature of the work that determines and not the name given to it.

See also In re Appointment of Visitors to the Allegheny County Home, 109 Pa. Superior Ct. 519, 528, where the court said: " 'Statutory authority exists by necessary implication where duties are enjoined that can be performed only by money payment' ".

The General County Law, supra, sec. 185, provides:

"It shall be the duty of every outgoing sheriff, in any county to hand over to his successor in office all unfinished and unexecuted writs and process whatsoever, whose duty it shall be to receive and execute the same as if said writs and process had been originally issued and directed to him, as well as to carry out and complete all other official acts of his predecessor."

It is obvious that the present sheriff, Carl Kuppler, has many functions to perform which were left over by the past sheriff, Dell Darling, both by himself and by his deputies and clerks. A good example of this would be the present sheriff sale list. And, on next Monday, February 14th, starts the quarter sessions court. We surely must have deputy sheriffs to wait upon the court in guarding prisoners and performing other necessary functions.

The case of Sterrett, etc., v. McLean et al., 10 Erie 132, illustrates our theory that the functions of the sheriff's office are so important to the citizens and taxpayers of the county, as well as to the court, that the necessary

deputies and clerks must be paid from county funds if law and justice are to be properly administered. There is no limitation in the said Act of 1876 as to any current term.

Supposing we were confronted with the situation that all the petitioners — deputies as well as clerks — would walk out of the sheriff's office on account of nonpayment of salaries, there is no doubt in our mind that the court could appoint necessary clerks and deputies to carry out properly the functions of this court in the dispensation of justice, and surely the county would be liable for the payment of salaries in such cases. See In re Surcharge of County Commrs., 12 D. & C. 471, in which the then Judge Maxey held that the county was liable for payment of salaries in such cases. It seems that In re Appointment of Visitors to the Allegheny County Home, supra, sustains this contention. It is clear that this court has authority to compel all its functions to be thoroughly carried out.

We are then of the opinion that, inasmuch as the work of all the petitioners in this case is necessary, the court has authority to compel the payment of their salaries out of county funds. See also In re Custody of Ballot Boxes, 19 D. & C. 183.

We deem it unnecessary at this time to incorporate an order for the special appointment of petitioners as deputies and clerks to perform all services incident to the functions of the court and the sheriff's office, but believe that their services should be paid at this time by the county.

There is no doubt in the mind of the court that the office of sheriff, during the current year or even during his whole term, will be one of profit to the county, but in the instant case we are confronted with the unusual situation of lack of funds at this particular time of year. It is significant to note that the sheriff has been obliged to discharge one clerk (not a petitioner in this case).

And now, to wit, February 10, 1938, the petition of plaintiffs is sustained and the county controller, Harvey M. Willis, be and is hereby ordered to pay the salaries of petitioners for the last half of January 1938.