## Longenbach v. Halterman

*James A. Wimmer,* for plaintiff.

*Thomas E. Mack,* for defendants.

WILLIAMS, P. J., May 18, 1973.—Plaintiff filed a complaint in assumpsit in which he alleges that on January 25, 1972, he entered into an agreement with

defendants to purchase lands in Chestnuthill Township, Monroe County, consisting of about 117 acres for the price of $100,000; that he made a down payment of $10,000 which is being held in escrow by Thomas E. Mack, Esq., attorney for defendants; that the agreement requires that the property be conveyed free and clear of all liens and encumbrances, easements and other objections of title, and the title therein to be good and marketable; that plaintiff's attorney advised defendants' attorney of certain title objections by a letter dated March 6, 1972. The objection which apparently has produced this litigation is thus stated:

"I will require a deed from the nine residuary legatees of the Emma F. Hummel estate."

The answer admits the execution of the agreement, the payment of the down money, but denies that the nine residuary legatees of the Estate of Emma F. Hummel have any interest in the subject property or that the title is unmarketable.

## DISCUSSION

Since all possible claimants to title are not parties to this suit, the first issue we must determine is whether in this assumpsit action we may determine the marketability of the title to the subject real estate.

In Hoffeditz et al. v. Bosserman et al., 282 Pa. 570, 574, the court said:

"We have said many times that, 'A court should never undertake to declare title to real estate good and marketable unless all the parties in interest are present on the record' (see Schuldt v. Reading Trust Co., 270 Pa. 363, 366; Hebron v. Magda, 280 Pa. 508, 510-11; Smith v. Bloomington Coal Co., 282 Pa. 248); this means all parties with a substantial interest in the controversy before the court, in the sense that, in order to determine the cause, their rights must be

passed upon. In a case like the present all persons ought to be made parties who, on the face of the will, have such a color or possibility of interest that the title to the property in controversy would not be marketable (in the sense of acceptable to ordinarily prudent purchasers) without their legal status first being judicially determined. We said in Hartley v. Langkamp et al., 243 Pa. 550, 555, that all parties 'must be joined who otherwise, not being bound by the decree, might assert a demand against the principal defendant which would be inequitable after the latter's performance of a decree in favor of plaintiff'; and in Springfield Real Estate Co. v. Kellett, 281 Pa. 398, 400-1, that 'If the question for adjudication depends on a gift by will or otherwise and the point to be decided is which of two or more donees are entitled to the fee, consideration of the case should be postponed until all parties possibly interested are given an opportunity to be heard.' "

See also opinion of the Supreme Court in Tigue v. Basalyga, 451 Pa. 436, to the effect the court has no jurisdiction to decide a case in the absence of an indispensable party and if counsel has not raised the issue, it is the duty of the court to do so, sua sponte.

These rulings of our Supreme Court clearly preclude us from ruling in this action on the marketability of title, since this action is against the vendors only. To do so would deny the residuary legatees mentioned in the complaint due process and transgress previous rulings of our Supreme Court.

There is another insuperable barrier to the court entering the requested summary judgment. There are no facts set forth in the pleadings on which the court could base any conclusion as to the marketability of defendants' title. From the briefs filed by opposing counsel, it appears that plaintiff asserts that defen-

dants' title to the subject real estate rests upon an interpretation of the will of Emma F. Hummel, deceased, and on the legality of certain assignments of interest in that estate made by nine residuary legatees named in the will of said decedent. Nowhere in the pleadings are we able to find facts which we may properly adopt to guide us in determining the marketability of defendants' title.

The complaint merely asserts, "I will require a deed from the nine residuary legatees of the Emma F. Hummel estate, together with their spouses, to my client. . . ." No explanation why such a deed was required appears in the pleadings. The necessity for such a requirement only appears in plaintiff's written brief and a copy of a letter written by the Commonwealth Title Company attached to plaintiff's brief.

Certain facts are also stated in defendants' brief. Pennsylvania Rule of Civil Procedure 1035 authorizes the entry of a summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any. It does not permit us to enter a summary judgment based on facts outside the record. As we said in Goldman v. Schlanger, 49 D. & C. 2d 225, 229 (1970):

"The court is without authority to consider any facts outside the record. Before any such facts are considered, they must be pleaded and verified with an endorsement on the pleading requiring Plaintiff to answer. The court cannot consider statements of facts which appear only in counsel's brief: Lawrence County Housing Authority v. Fireman's Fund Insurance Company, 40 D. & C. 2d 597."

We conclude that (1) in an assumpsit action, marketability of title may not be determined unless all claimants to the title are parties to the suit; (2) facts relied upon for entry of a summary judgment must be

placed in the record either in the pleadings or by interrogatories and answers thereto, by depositions, or by means of affidavits prepared and filed in the manner prescribed by Pa. R. C. P. 1035(d).

## ORDER

And now, May 18, 1973, motion for summary judgment is denied without prejudice to plaintiff to file a subsequent motion when the pleadings and record are made to conform to this opinion.